**E-FILED**
Monday, 07 March, 2005  12:49:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 05-MJ-3015 |
| ) | |
| ANDAETTE R. SANDERS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF SETTING APPROPRIATE BOND**

**NOW COMES** Defendant, Andaette R. Sanders, by and through her court-appointed attorney, Jon Gray Noll, and pursuant to *18 U.S.C. §3142(b) and (c),* submits this Memorandum of Law in Support of her Proffer for Setting Appropriate Bond.

The pre-trial detention without bond is warranted where the Government alleges and proves by a preponderance of the evidence that the defendant poses a serious flight risk; or, if the Government alleges and proves by clear and convincing evidence that the defendant poses a danger to the community. *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1985)

Under the *Bail Reform Act of 1984, 18 U.S.C. §3142 et seq.,* a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community where the Court has probable cause to believe that the defendant committed a drug offense with a maximum term of imprisonment of ten (10) years or more. *18 U.S.C.§3142(e)*

If the Government invokes the presumption contained in *18 U.S.C. §3142(e),* the defendant need only present some credible evidence that he is not likely to flee while on

release to rebut the presumption, and that evidence contained in the pre-trial services report and evidence of the defendant's family, economic, and social stability may provide such evidence. *U.S. v. Dominguez,* 783 F.2d 702 (7th Cir. 1986); *U.S. v. Nicholas,* 681 F. Supp. 517 (N.D. Ill. 1988); *U.S. v. Hare,* 873 F.2d 765 (5th Cir. 1989). Further, the presumption shifts to the defendant, the burden of production, not the burden of persuasion. The Government still retains the burden of proof by a preponderance of the evidence where the issue is risk of flight, and by clear and convincing evidence where the issue is danger to the community. *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1985)

Throughout the process, the defendant is presumed innocent of the charge. Additionally, federal law has traditionally provided that a person who is arrested for a non-capital charge should be admitted to bail so as to permit the unhampered preparation of a defense and to prevent the infliction of punishment prior to conviction. *18 U.S.C. §3142(j); Stack v. Boyle,* 342 U.S. 1 (1951); *U.S. v. Montamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985) (doubts regarding the propriety of release should be resolved in favor of the defendant).

In seeking detention on the basis of the defendant's alleged dangerousness to the community, the Government cannot meet its requisite burden of proof solely on the presumption contained in *18 U.S.C. §3142(e).* The Government must submit proof of the defendant's future dangerousness. *U.S. v. Dominguez,* 783 F.2d 702 (7th Cir. 1986); *U.S. v. Jeffries,* 679 F.Supp. 1114 (M.D. Ga. 1988) (Government cannot rely on indictment alone; gun and drug charges are not necessarily enough to provide clear and convincing evidence of defendant's dangerousness); *U.S. v. Bell,* 676 F.Supp. 1429 (E.D. Mich.

2

1987) (hearsay may not satisfy the clear and convincing evidence standard); *U.S. v. Cox,* 635 F.Supp. 1407 (D. Kan. 1986) (unrebutted presumption not clear and convincing evidence); *U.S. v. Jones,* 614 F.Supp. 96 (E.D. Pa. 1985) (defendant did not rebut presumption, but Government failed to show clear and convincing evidence of danger).

If the Government seeks detention on the basis of the defendant's alleged dangerousness to the community, the danger alleged by the Government must relate to the federal case for which the defendant has been charged, and unrelated allegations of danger to others is insufficient. *U.S. v. Ploof,* 851 F.2d 7 (1st Cir. 1988); *U.S. v. Byrd,* 969F.2d 106 (5th Cir. 1992). The evidence to be adduced at the detention hearing of this Defendant shows that he has effectively rebutted the presumption that he is likely to flee or pose a danger to the community, while on pre-trial release, and that the Government has not and cannot sustain its burden of proof that the Defendant poses a serious risk of flight or danger to the community, if granted pre-trial release.

Even if the Court determines that Defendant, Andaette R. Sanders, poses some risk of flight or a danger to this community, there are numerous conditions of pre-trial release that this Court could impose that would reasonably assure Andaette R. Sanders' appearance at trial, and the protection of the community. These include, but are not limited to, the following:

    a)    A condition setting reasonable bond;

    b)    A condition requiring Andaette R. Sanders to report daily or at some other frequency, in person or by telephone, to a representative of the Pre-Trial Services Division of the United States Probation Office in the district in which she resides;

  c)  A condition restricting Andaette R. Sanders' travel to the Central District of Illinois;

  d)  A condition imposing upon Andaette R. Sanders a reasonable curfew, by which time she is to be at her residence each evening;

  e)  A condition prohibiting Andaette R. Sanders from possessing or using any controlled substances while on bond, or consuming alcoholic beverages to excess while on bond; and

  f)  A condition prohibiting Andaette R. Sanders from possessing, using, or carrying any firearm while on bond.

**WHEREFORE,** Defendant, Andaette R. Sanders, respectfully requests that this Court enter an order setting a recognizance bond, or bail in such amount as this Court determines to be reasonable, and setting such other conditions as this Court deems appropriate to assure the Defendant's appearance at trial, and the protection of the community, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

ANDAETTE R. SANDERS, Defendant

BY:   /s Jon Gray Noll
  Jon Gray Noll 02060108
  Attorney for Defendant
  Noll Law Office
  802 South Second Street
  Springfield, IL 62704
  Telephone: (217) 544-8441
  Fax: (217) 544-8775
  E-mail: noll@noll-law.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    U. S. Attorney's Office
    318 South 6th Street
    Springfield, IL 62701

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    /s Jon Gray Noll
    Jon Gray Noll 02060108
    Attorney for Defendant
    Noll Law Office
    802 South Second Street
    Springfield, IL 62704
    Telephone: (217) 544-8441
    Fax: (217) 544-8775
    E-mail: noll@noll-law.com