E-FILED
Thursday, 22 September, 2005  03:03:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Criminal No. 05-30028 |
| ) | |
| DOSSIE SANDERS, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

Comes now the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Patricia McInerney, Assistant U.S. Attorney, and for its Response to Defendants' Motion to Suppress Evidence, states as follows:

1.  Defendants, Dossie Sanders and Andeatte Sanders, move this Court to suppress the evidence obtained in this case, alleging that the search warrant which was executed on the Sanders' residence violates the particularity requirements of the Fourth Amendment in that it gave only a general description of items to be seized when investigating authorities knew the particular gun for which they were searching.

2. Defendants argue that the description in the warrant allowing for the seizure of any hand gun was insufficient and that the Fourth Amendment requires particularity in the search warrant, not in supporting documents.

3. In support of this argument, Defendants cite *Groh v. Ramirez*, 540 U.S. 551 (2004) and *In the Matter of the Search of 3817 W. West End, First Floor, Chicago, Illinois*, 321 F.Supp.2d 953 (N.D.IL. 2004). These cases are easily distinguishable from the case at hand.

4. In *Groh,* the search warrant was deficient in particularity because it provided no description at all of the type of evidence sought. The portion of the warrant calling for a description of the person or property described respondent's house and <u>not any item which was to be searched for and seized within the house</u>. The application stated that the search was for specified weapons, explosives and records and was supported by a detailed affidavit setting forth the basis for believing the items were in the residence. The Supreme Court in *Groh* noted that the Fourth Amendment stated unambiguously that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the persons or things to be seized." Id.* at 557. The warrant in *Groh* complied with the first three of the requirements, but it failed altogether on the fourth element - the person or things to be seized. In analyzing

whether the application, which adequately described the things to be seized, saved the warrant from its facial invalidity, the Court noted that the Fourth Amendment does not forbid a warrant from cross-referencing other documents and that most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. In *Groh,* the warrant did not incorporate other documents by reference, nor did either the affidavit or application accompany the warrant since they were filed under seal. Thus, the Supreme Court held that the warrant was deficient.

In the instant case, the affidavit, which did specify the Sig Sauer weapon, was attached to and made a part of the Search Warrant. The government attaches the Complaint for Search Warrant, the Affidavit and the Search Warrant hereto as Group Exhibit "A."

5.    The other case which the defendants cite in support of their particularity argument, *In the Matter of the Search of 3817 W. West End*, *supra*, is also easily distinguishable. The court in *3817 W. West End* held that the degree of particularity that is required in a search warrant varies depending on the circumstances of the case and types of items involved, and that the factors to be considered include (a) whether probable cause exists to seize all items of a

particular type described in the warrant; (b) whether the warrant set out any objective standards by which executing officers could differentiate items subject to seizure from those that are not; and (c) whether the government was able to describe the items more particularly in light of the information available at the time the warrant was issued. *Id.* at 959-60. This case actually involved the search of computers after they had been seized. The court had required, as a condition for conducting the government's post-seizure search of the computers, that the government submit a search protocol outlining the methods the government would use to ensure that its search was reasonably designed to focus on documents related to the alleged criminal activity. The purpose of this protocol was to provide the court with assurance that the search of the computer after its seizure would not consist merely of a random examination of other documents which on a home computer might contain sensitive information regarding health or other personal and private matters completely unrelated to the alleged criminal conduct. After the seizure of the computer, the government argued that it should be permitted to search the contents of the computer without providing the court with any search protocol. The court affirmed its requirement and the government moved the court for reconsideration, which led to the opinion in the cited case.

This case is distinguishable from the present case because the search of computers and other electronic storage media requires a more specialized, heightened degree of particularity. *Id.* at 958. (See also *United States v. Carey*, 172 F.3d 1268, 1275 n.7 (10th Cir. 1999)("the storage capacity fo computers requires a special approach" in assessing the particularity requirement); *United States v. Barbuto*, 2001 WL 670930 (D.Utah 2001)("searches on computers are unique because of their abundant storage capacity and the likelihood of discovering 'intermingled document'..."); *United States v. Hunter*, 13 F.Supp.2d 574, 583-84 (D.Vt.1998) ("Computer searches present the same problem as document searches – the intermingling of relevant and irrelevant material–but to a heightened degree," which requires that each computer search be "independently evaluated for lack of particularity").

6.  Ordinarily, the level of specificity must be such ... that the officers executing the warrant are able to identify the things to be seized with reasonable certainty. *Russell v. Harms*, 397 F.3d 458, 464 (7th Cir. 2005), citing *United States v. Sleet*, 54 F.3d 303, 307 n.1 (7th Cir. 1995). The subject warrant was not so general or unspecific as to allow the intermingling of relevant and irrelevant materials or to cause the officers uncertainty concerning what items were subject to search or seizure.

5

7. A search warrant must explicate the items to be seized only as precisely as the circumstances and the nature of the alleged crime permit. *United States v. Vitek Supply Corp.*, 144 F.3d 476, 481 (7th Cir. 1998). A search warrant must describe the objects of the search with reasonable specificity, but need not be elaborately detailed. *United States v. Shoffner*, 826 F.2d 619, 630 (7th Cir. 1987) Nor must the warrant "enable authorities to minutely identify every item for which they are searching." *Id.* quoting *United States v. Pritchard*, 745 F.2d 1112, 1122 (7th Cir. 1984) and *United States v. Prewitt*, 553 F.2d 1082, 1086 (7th Cir. 1977). "Thus, a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *Id.*, citing *United States v. Blum*, 753 F.2d 999, 1001 (11th Cir. 1985).

8. In this case, the officers knew that the defendant, Dossie Sanders, was a convicted felon. They also knew that he had possessed a firearm that day and had attempted to purchase ammunition for the firearm. The affidavit for the search warrant not only specified the particular type of firearm he possessed, a Sig Saur P229 357 cal. handgun, but stated also that he was a convicted felon. The search warrant itself described the items to be seized as "Any and all firearms, live firearms ammunition, spent casings, firearm magazines or clips and documentation showing ownership of firearms and residency". The nature of the

crime was unlawful use of a weapon by a felon and no valid F.O.I.D. card. It would not be unreasonable for the search warrant to list the more general definition of all firearms, ammunition, spent casing, firearm magazines or clips, in addition to the Sig Saur identified in the affidavit which was attached to the warrant. A search for firearms would certainly be appropriate when investigating a charge of unlawful use of a weapon by a convicted felon.

For the foregoing reasons, defendant's motion to suppress evidence should be denied.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Patricia McInerney
Assistant United States Attorney
Illinois Attorney Bar No. 0782440
318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4044
E-mail: patricia.mcinerney@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>D. Peter Wise
>Gates, Wise & Schlosser, P.C.
>1231 South Eighth Street
>Springfield, IL 62703
>peter@gwsp.com
>
>Jon Gray Noll
>Noll Law Offices
>802 South Second Street
>Springfield, Illinois 62703
>Noll@noll-law.com

                        s/Patricia McInerney
                        Assistant United States Attorney
                        Illinois Attorney Bar No. 0782440
                        318 South 6th Street
                        Springfield, Illinois 62701
                        (217) 492-4450
                        Fax: (217) 492-4044
                        E-mail:patricia.mcinerney@usdoj.gov