**E-FILED**
Thursday, 06 July, 2006  01:52:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-30028 |
| | ) | |
| ANDEATTE R. SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S COMMENTARY ON SENTENCING FACTORS

**NOW COMES** Defendant, Andeatte R. Sanders, by and through her attorney, Noll Law Office, and for her Commentary on Sentencing Factors, submits to this Court the following objections, addendums, comments and briefs, pursuant to *Local Rule 32.1*: "Implementation of Sentencing Guidelines," and order of the Court:

## BACKGROUND

**Prefatory Comments –** The Defendant's objections, addendums and comments to the Presentence Investigation Report apply to the Presentence Investigation Report dated March 3, 2006, and the Defendant's objections thereto dated March 8, 2006.

**Case History –** The Defendant was charged by Indictment on March 17, 2005, with two counts of aiding the possession of a firearm by a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(a)(2).

On November 30, 2005, the Defendant entered an open plea of guilty, without a written plea agreement, to Counts 3 and 4 of the Indictment.

***Coonce* case –** Under the holding in *United States v. Coonce*, 961 F.2d 1268 (7th Cir. 1992),  the Defendant acknowledges her burden to produce evidence when

challenging the accuracy and completeness of the Presentence Investigation Report dated March 3, 2006.

*Pro Se* **Objections –** The Defendant in this case has been advised that she may present objections, commentary and addendums as are allowable under the *Rone* decision. See *United States v. Rone*, 743 F.2d 1169; 1984 U.S. App. LEXIS 18951 (7th Cir. 1984).

The *Rone* case implements Federal Rule of Criminal Procedure 32(a)(1)(A), 32(c)(3)(A), and 32(c)(3)(D). A sentencing court must insure that a Defendant has had an opportunity to read the presentence report and to confer with her attorney about it a reasonable time before the sentencing hearing, and to comment adversely on its accuracy at the hearing. This allows the Defendant to present to the Court any matters which the Defendant feels have not been presented fully by her defense attorney. Counsel for the Defendant welcomes any *pro se* pleadings by the Defendant in furtherance of her objections to the current sentencing.

**Local rules** – Under the local rules, the defense has conferred with both the U. S. Attorney's Office and the United States Probation Office in an effort to resolve the outstanding objections. All objections have been resolved but for those stated below.


## COMMENTS, OBJECTIONS AND CORRECTIONS PURSUANT TO RULE 32 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Defendant has set forth in communications with the United States Probation Office a series of objections to the Presentence Investigation. Delineated below is a summary of those sentencing issues that remain unresolved.

2

**A.** **Specific Offense Characteristic/U.S.S.G. § 2K2.1(b)(4) – Paragraph 33:** At paragraph 33, the Probation Office seeks to increase by two levels the adjusted offense level based upon the fact that the Sig Sauer firearm involved in the subject offense had been stolen from the residence of a police officer in January 2005. The defendant objects to this enhancement for several different reasons, including:

> (1)    The defendant did not steal the weapon;
>
> (2)    The defendant did not know, or have reason to know, that the weapon was stolen;
>
> (3)    By the time the defendant had possession of the weapon (if she possessed it at all for purposes of the objection), it had already been stolen;
>
> (4)    It is a violation of due process to assess this enhancement as a strict liability application of the guidelines, since the defendant did not have the requisite knowledge and intent.

In making this objection, the defendant recognizes that the two-level enhancement may apply to her co-defendant, who may be differently situated than her. Nonetheless, it is patently incorrect to assess a two-point increase based upon a stolen weapon as the facts apply to this specific defendant.

**Brief in Support:**

Case law does not favor the Defendant's objection. Prevailing opinion dictates that the enhancement under Paragraph (b)(4) applies even if the Defendant did not steal the gun personally; [*U. S. v. Williams,* 367 F.3d 399 (5th Cir. 2004) (holding a lack of scienter where stolen firearms increase did not violate due process)] or know that it was stolen [*U. S. v. Williams,* 49 F.3d 92 (2d Cir. 1995)(due process does not preclude strict liability on this enhancement)].

3

With all due respect to this line of cases, the Defendant asks the Court to rule contrary and grant the Defendant's requested relief.

**B.** **Specific Offense Characteristic/U.S.S.G. § 2K2.1(b)(5) – Paragraph 34:** At paragraph 34, the Probation Office seeks to assess a four-level increase to the adjusted offense level of the defendant, claiming that the defendant knew, or had reason to believe, that the weapons in question were connected with another felony, i.e. illicit drug activities of the co-defendant. This assessment is totally without any factual basis and is mere conjecture, surmise and assumption on the part of the Probation Office in assessing these additional four points.

The defendant was not involved in any drug trade with the co-defendant, nor is there any proof that she knew of his drug activities. Probably the most persuasive argument in that regard is that the defendant was never charged with any of the felony drug activities, which the co-defendant was. The indictment does not allege that Andeatte Sanders conspired with, or was an accomplice to, the purported drug activities. No fingerprints were found on the illegal drugs of the co-defendant. Nor is there any proof of any nature at any time that she was involved or had any knowledge of the co-defendant's drug activities. It is merely an assumption by the Probation Office. Such assumptions do not provide a preponderance of evidence in the fact or no evidence at all.

Further, there is no evidence that the firearms were connected in any way to the drug charges of the co-defendant. Additionally, there is no showing of proximity between the possession of the weapons and the drug possession. The distinct context between the offense of possessing the firearm and the drug activity can only be assumed circumstantially by the Probation Office.

4

Since the defendant was not involved in the drug activities, nor is there any evidence that she knew or facilitated the drug activities, this enhancement must be removed from the adjusted offense level calculations.

**<u>Brief in Support:</u>**

The enhancement under 2K2.1(b)(5) is not effected by the Supreme Court's opinion in *Bailey v. U.S.¸* 516 U.S. 137, 116 S.Ct. 501 (1995). This is because the enhancement applies whether the Defendant has possessed a firearm regardless of whether it was actively employed in the criminal offense. However, it is improper to apply the (b)(5) increase if the underlying conviction is for being a felon in possession of firearm in violation of 18 U.S.C. §922(g), because the enhancement is premised on the same conduct as the mandatory five-year sentence under §924(c) and, therefore, is improper double counting. See *U.S. v. Smith,* 196 F.3d 676 (6th Cir. 1999). The (b)(5) increase does not depend on whether or not the "connecting" criminal charges were brought or conviction was obtained, as long as the firearm was possessed in connection with another felony offense. See *U. S. v. Bryant*, 349 F.3d 1093 (8th Cir. 2003).

There is a split in the circuits on whether "another felony offense" must be separated in time or conduct. The Fifth Circuit appears to have adopted the view that any federal offense that includes conduct that can be characterized as a state law offense qualifies for the enhancement under §(b)(5). *U. S. v. Armstead,* 114 F.3d 504 (5th Cir. 1997). However, the Third, Sixth and Seventh Circuits have rejected this view, holding that there must be a "finding of a separation of time between the offensive conviction and the other felony offense, or a distinction of conduct between that occurring in the offensive conviction and the other felony offense." See *U. S. v. Szakacs*, 212 F.3d 344

5

(7th Cir. 2000)(noting that *Armstead* reading of the guideline would lead to a routine 4-level enhancement and defeat the purpose of the structure behind the guidelines.)

The Circuits are split over the meaning of the phrase "in connection with" another felony as that phrase is used in §(b)(5).  The majority of the Circuits hold that the firearm must serve some purpose or "facilitate" the full misconduct, rather than being merely coincidental.  *U. S. v. Wyatt,*  102 F.3d 241, 247 (7th Cir. 1996).  However, the Fifth, Eighth and Eleventh Circuits appear to have adopted a broader definition requiring the enhancement if the firearm reflects an increased danger of violence, unless it was clearly improbable that the weapon was connected with the offense.

Even under the majority's restricted view, the enhancement will be applied if the gun facilitates another offense that is part of the relevant conduct.  *U. S. v. Bostic,* 168 F.3d 718 (4th Cir. 1999) (upholding the enhancement based on the Defendant's relevant conduct and threatening his wife).

Drug offenses have been the basis for this enhancement where a gun was used "in connection" with the drug offense.  *U.S. v. Wyatt,* 102 F.3d 241 (7th Cir. 1996).

However, the enhancement here had been rejected when the evidence failed to show that the Defendant used the gun in connection with another offense.  *U. S. v. Johnson,* 187 F.3d 1129 (9th Cir. 1999).

The requirement that the Defendant must have "knowledge, intent or reason to believe" that the firearm will be used or possessed in connection with another felony has been found in a number of cases.  *U. S. v. McGiffen,* 267 F. 3d 581 (7th Cir. 2001).  The increase is improper when there is insufficient evidence of the Defendant's knowledge,

6

intent or reason to believe that the firearm will be possessed in connection with another offense. *U. S. v. Cicirello*, 301 F.3d 135 (3d Cir. 2002).

**Conclusion:** In applying the applicable law to the facts in this matter, it is clear that the probation office's recommendation as to this enhancement is misplaced. There is absolutely no evidence that has been presented by the probation officer or the prosecution to allow this enhancement to stand. Without such evidence, the enhancement can only be based upon assumptions by the probation office. Therefore, the enhancement should not be applied to Andeatte Sanders under these circumstances.

**C.     Part E – Factors that Warrant Departure/U.S.S.G. § 5K1.1:** Although unknown at this time to the Probation Office, the defendant would request that the Probation Office contact the U. S. Attorney's Office for evaluation of the feasibility and viability of a downward departure, pursuant to § 5K1.1. Defendant, Andeatte Sanders, further requests that this information be provided to the Court, in detail, in any amended presentence investigation. In this way, the Court will have a full understanding of the full, voluntary and substantial cooperation the Defendant has provided to the government.

**D.     Mandatory Special Assessment – Paragraph 88:** Defendant acknowledges the obligation of the mandatory special assessment of $200.00, being $100.00 on each count to which she has pled guilty.

7

### *PRO SE* OBJECTIONS

This Commentary was discussed with the Defendant, prior to submission.  Having reviewed same, the Defendant has no further comments, corrections or objections to the presentence investigation, other than those already contained herein.

### IMPOSITION OF SENTENCE PURSUANT TO 18 U.S.C. §3553(a)

In the post-*Booker* era, which we are presently experiencing, a sentencing court is allowed to consider a number of factors pursuant to 18 U.S.C. §3553(a), which had little or no applicability in pre-*Booker* days.  Given the unique nature of the charges against this Defendant and her personal situation, the applicability of these factors should be significant in the Court's consideration of the appropriate sentence for her.

Section 3553(a) has seven distinct components.  They tend to be common sense considerations for any sentencing court to review in determining the sentence to be imposed.

The Defendant's analysis of her case in light of Section 3553(a) is as follows:

By all accounts, the Defendant had a very good childhood.  In her early years, she lived with her moth and younger brother in Bloomington.  Her mother worked as a janitor at Illinois State University.  Her father lived in Chicago.  She stayed in Bloomington, with the exception of a one-year stay in Calumet City, for most of her childhood.  She attended Girl Scout camp in the 5th grade, a

She attended junior high school in Bloomington, and acted as an ambassador, or tutor, there.  She also played basketball in junior high. In the 9th grade, her mother moved, which required a change in school, to Normal Community West High School.  She got her first job at McDonald's when she was 14, and earned employee of the month honors twice.

She loved to Chicago to live with her father and attend Thornton Township High School for her junior and senior years.  She worked at Menard's, then at a grocery.

8

After high school graduation in 2001, she moved back to Bloomington, living with her mother and working in a variety of jobs before deciding in 2003 to enlist in the United States Army, when she was trained as a personnel administrative specialist. Her first tour of duty was in Hawaii, then she served in Iraq from 6/6/04 to 11/04.

She met Dossie Sanders through her best friend. She married Mr. Sanders in July 2003 in South Carolina. The Defendant and Mr. Sanders do not have children. Mr. Sanders, however, has five (5) children from previous relationships, which children the Defendant assists financially as well as practically.

The Defendant describes herself as a typical kid and teenager, who has lived a typical life. She was not raised in the church, but believes in religion. There is nothing in her background or experience which would lead one to envision the circumstances in which the Defendant finds herself today.

As her aunt, Yolanda Walker, so eloquently describes, "Andeatte was blinded by love and let it take over her. But who hasn't been blinded by love; that you haven't done things because of love or for love. Andeatte was blinded by love that she put herself in a bad predicament that resulted in her getting into some serious trouble."

In a nutshell, Ms. Walker has described the Defendant, awash in overwhelming feelings of love, making extremely poor decisions based upon those feelings. There is no prior history of criminal behavior, no prior confrontations with law enforcement. To the contrary, but for her gross errors of judgment in this case, the Defendant was a fine young person, who served her country.

## MITIGATION EVIDENCE

Defendant has submitted to the U. S. Probation Office for inclusion in the sentencing packet for the Court, letters in support of leniency in her case. That packet of materials is incorporated by this reference.

The Defendant also intends to call the following mitigation witness in support of her sentencing:          Linda Foster, an aunt.

9

## RIGHT OF ALLOCUTION

The Defendant has been advised of her procedural right to allocution at the conclusion of sentencing.  It is anticipated that the Defendant will make a statement to the Court at that time.

## ADDITIONAL CONSIDERATIONS

The Defendant would ask that:

A.    She be given credit for time served;

B.    This Commentary be sealed, and only made available to those individuals as are necessary to have access to it on appeal, or otherwise as the Court directs;

C.    If incarceration is ordered by this Court, the Court recommend that the Defendant be incarcerated at a federal correctional facility in the area between Chicago, Bloomington and Springfield, Illinois, so that her family could make arrangements to visit her on a regular basis;

D.    All documents referred to in this Commentary be incorporated by reference as if more fully set forth herein.

E.    If the Court so determines it appropriate, the Defendant requests to be allowed to self-report.

## CONCLUSION

The final calculation as to the applicable guideline range will depend upon the Court's rulings on these various points set forth hereinabove.

Defendant, Andeatte Sanders, respectfully requests this Honorable Court:

10

1. To sentence this Defendant to the minimum period of incarceration allowable under the guidelines;

2. To allow for an evidentiary hearing on all objections contained herein;

3. To allow the Defendant to file any *pro se* objections she desires; and

4. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**ANDEATTE R. SANDERS**, Defendant

BY:  /s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
802 South Second Street
Springfield, IL 62704
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patricia McInerney
U. S. Attorney's Office
318 South 6th Street
Springfield, IL 62701
Email: patricia.a.mcinerney@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Donna S. Brown
United States Probation Office
127 U.S. Courthouse
201 South Vine
Urbana, IL 61802-3348

Andeatte Sanders
1527 E. Adams
Springfield, IL 62703

/s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
802 South Second Street
Springfield, IL 62704
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com