IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 05-30028 |
| | ) |
| ANDEATTE R. SANDERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM TO SUPPLEMENT DEFENDANT'S COMMENTARY ON SENTENCING FACTORS**

**NOW COMES** Defendant, Andeatte R. Sanders, by and through her attorney, Noll Law Office, and submits to this Court her Memorandum to Supplement Defendant's Commentary on Sentencing Factors, previously filed on July 6, 2006.

**Application of *Booker* to Sentencing Calculations**

In the landmark case of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Supreme Court held that the mandatory federal sentencing guideline system violated a defendant's Sixth Amendment right to a jury trial by allowing judges to increase a sentence above the guideline maximum based on facts not decided by a jury. *Id*. at 746. The Court resolved the constitutional defect by severing two parts of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq*., – § 3553(b)(1), which made the guidelines mandatory, and §3742(e), which mandated a *de novo* standard of review. With these alterations, the Court noted that the "Federal Sentencing Act . . . makes the Guidelines effectively advisory." *Booker*, 125 S.Ct. at 756-757.

As a result of the *Booker* decision, sentencing courts are still required to *consider* the advisory guidelines but are also required to treat the guidelines as but one factor to

consider in fashioning a sentence that meets the statutory purposes set forth by Congress in 18 U.S.C. 3553(a).[1] Thus, this court is no longer bound solely by the guidelines to impose a sentence. In fact, pursuant to § 3553(a)(1), the court must impose "a sentence sufficient, but not greater than necessary," to comply with the goals of sentencing.

Those sentencing goals are expressly set forth in § 3553(a)(2), and include: (1) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; (2) to deter criminal conduct; (3) to protect the public from further crimes of the defendant; and, (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D). In considering the particular sentence to be imposed, a court must consider those same factors, as well as the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the sentencing range under the Sentencing

---

[1] Specifically, § 3553(a) provides in part: "[t]he court *shall* "impose a sentence sufficient, but not greater than necessary to comply with the purposes
set forth in paragraph 2 . . . [t]he court, in determining the particular sentence to be imposed shall consider –

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)     the need for the sentence imposed –
         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just
          punishment for the offense;
         (B) to afford adequate deterrence to criminal conduct;
         (C) to protect the public from further crimes of the defendant; and
         (D) to provide the defendant with needed educational and vocational training, medical care, or
         other correctional treatment in the most effective manner.
(3)      the kinds of sentences available
(4)     the kinds of sentence and the sentencing range established for –

         (A)     the applicable category of offense committed by the applicable category of defendant as
                 set forth in the guidelines
                         * * *

(6)      the need to avoid unwarranted sentencing disparities among defendants with similar records who
have been found guilty of similar conduct; and
(7)     the need to provide restitution to any victims of the offense.

Guidelines; any pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and the need to provide restitution to victims of the crime. § 3553(a)(1)-(7); see also, *United States v. Roach*, No. 00 CR 411, 2005 WL 2035653, *2 (N.D. Ill. Aug. 25, 2005).

Since the *Booker* decision, the Seventh Circuit has held that in reviewing sentences on appeal, a guideline sentence will be granted a rebuttal presumption of innocence. However, the Seventh Circuit has also recently held that "there is no presumption of *unreasonableness* that attaches to a sentence that varies from the [guideline] range." *United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006). In other words, if a sentencing judge imposes a sentence outside the guideline range, the Seventh Circuit will not presume that sentence to be unreasonable. Instead, the court of appeals will examine whether and to what extent the sentence conforms to the §3553(a) factors. *See United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005)(citing *Booker*, 543 U.S. at 259-260).

In determining a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense and provide just punishment for the offense, this Court must consider the Defendant's personal history and characteristics. *See* 18 U.S.C. §3553(a)(1). Specifically, this Court should consider the Defendant's personal and family background in determining an appropriate sentence. *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006)(finding that a defendant's history and character are relevant at sentencing and may alone be grounds for a reduced sentence, if such sentence meets the §3553(a) purposes of punishment).

## PRAYER FOR RELIEF

**WHEREFORE,** the Defendant, Andeatte Sanders, prays for this Court to take into consideration the case law and factors set forth herein at the time of sentencing, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**ANDEATTE R. SANDERS**, Defendant

---

BY:     /s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
802 South Second Street
Springfield, IL 62704
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**CERTIFICATE OF SERVICE**

     I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patricia McInerney
U. S. Attorney's Office
318 South 6th Street
Springfield, IL 62701
Email: patricia.a.mcinerney@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Donna S. Brown
United States Probation Office
127 U.S. Courthouse
201 South Vine
Urbana, IL 61802-3348

Andeatte Sanders
1527 E. Adams
Springfield, IL 62703

                                                   /s Jon Gray Noll
                                                   Jon Gray Noll 02060108
                                                   Attorney for Defendant
                                                   Noll Law Office
                                                   802 South Second Street
                                                   Springfield, IL 62704
                                                   Telephone: (217) 544-8441
                                                   Fax: (217) 544-8775
                                                   E-mail: noll@noll-law.com